SULLIVAN, Justice,
dissenting.
I respectfully dissent. The trial court revoked Hunter’s probation for violating a probation condition that (1) prohibited him from having “contact with any person under the age of 18” and (2) required him to “report any incidental contact with persons under age 18 to [his] probation officer within 24 hours of the contact.”
The Court holds that there was insufficient evidence of violating the prohibition on contact because Hunter “understood the word ‘contact’ ... to mean ‘interaction’ and that the State failed to prove that there was any interaction.” Op. at 1163. It further holds that there was insufficient evidence of violating the requirement to report because of the “vagueness of the word ‘contact’ as applied to [Hunter’s] challenged behavior.” Id. at 1164.
But the conditions of probation defined the word “contact”: “Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties.” “Contact,” as defined in the written terms of Hunter’s probation conditions, does not require “interaction.” And there is nothing vague about the term “face-to-face.”
There is no dispute but that Hunter was present on multiple occasions in the mobile home when the children came home from school. This was sufficient evidence for the trial court to conclude that Hunter had face-to-face contact with children under the age of 18. He did not report the contact to his probation officer within 24 hours of the contact. This was sufficient to support the revocation of his probation.